UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WESLEY COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br><br>    Defendant. | Case No. 14-cv-14137<br>Honorable Laurie J. Michelson<br>Magistrate Judge Michael J. Hluchaniuk |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [3]**

Wesley Cooper filed a pro se complaint in state court against Countrywide Home Loans, Inc., the lender for his residential mortgage loan. After Countrywide removed the case to this Court and filed a motion to dismiss for failure to state a claim, Cooper filed an amended complaint. (Dkt. 7.) It is not clear from Cooper's vague and conclusory allegations what he thinks Countrywide did to cause him injury, and Cooper has not opposed the motion to dismiss. The Court finds that he has not stated a claim and therefore GRANTS Countrywide's unopposed Motion to Dismiss (Dkt. 3).

**I. LEGAL STANDARD**

The Federal Rules of Civil Procedure require that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff "must allege 'enough facts to state a claim of relief that is plausible on its face.'" *Traverse Bay Area Int. Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Pro se* plaintiffs like Cooper "are treated to less stringent standards, but . . . [l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Facial plausibility means that "the complaint has to 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ohio Police & Fire Pension Fund v. Std. & Poor's Fin. Servs., LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "This standard does not require detailed factual allegations, but a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (citation and internal quotation marks omitted).

The court must "accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to plaintiffs." *Bennet v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). The court "need not, however, accept unwarranted factual inferences." *Id.* (citing *Twombly*, 550 U.S. at 570). Nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

On a motion to dismiss for failure to state a claim, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

## II. BACKGROUND

### A. Procedural History

This case was removed from Macomb County Circuit Court on October 27, 2014, by Countrywide Home Loans, Inc., the sole defendant. (Dkt. 1.) Countrywide filed a Motion to Dismiss on November 3, 2014. (Dkt. 3, Mot.) Under Federal Rules of Civil Procedure 6(d), 12, and 15, Cooper had until November 27, 2014, to file a response to the Motion to Dismiss or an amended complaint. (*See* Dkt. 5.) On December 12, 2014, the Court received a letter from Cooper that asked the Court to "accept the enclosed Defendants Quiet Title Response." (Dkt. 7 at Pg ID 192.) A newly captioned complaint was enclosed. (*See* Dkt. 7, Am. Compl.) Noting Cooper's pro se status and the fact that mail to him had been returned as undeliverable, the Court granted Cooper an extension of time to respond to the Motion to Dismiss and treated the newly filed complaint as an Amended Complaint that was timely filed. (*See* Dkt. 9.) Countrywide elected to have the Court treat its Motion to Dismiss the Complaint as a motion to dismiss the Amended Complaint. (*See* Dkt. 10.) The Court gave Cooper until January 5, 2015, to file a response to the motion and cautioned him to pay careful attention to the Court's deadlines going forward. (*See* Dkt. 9.)

The Court also reminded Cooper of his obligation to promptly file and serve a notice of any change of address, pointing out that the contact information the Court had on file for him was the address in Utica from which mail had been returned undeliverable. (*See* Dkt. 6.) The Court mailed the Order to the return address on Cooper's Amended Complaint—an address in Macomb, Michigan. (*See* Dkt. 7.) The Order was not returned as undeliverable. Cooper did not file a change of address.

On December 24, 2014, Cooper filed an Emergency Motion for Discovery. (Dkt. 11.) The return address on the envelope was in Macomb, but Cooper still did not inform the Court that his address had changed. The Court denied the motion in light of Countrywide's pending Motion to Dismiss. (Dkt. 12.)

Cooper has not responded to the Motion to Dismiss. On February 10, 2015, Countrywide filed a Reply in support of the motion. (Dkt. 14.) The Reply was not timely and Countrywide did not seek leave to file it, so it will not be considered.

### B. Allegations of the Complaint

Cooper has "the original title" to the property at 45629 Altz, Utica, Michigan ("Property"). (Am. Compl. ¶ 1.) In 2006, Countrywide loaned Cooper $172,000, secured by a mortgage on the Property. (*Id.* ¶ 9.) The promissory note and mortgage agreement for the loan were filed by Countrywide as exhibits to its motion. (Dkt. 3-2, Note; Dkt. 3-3, Mortgage.) The Mortgage was recorded on April 12, 2006, with the Macomb County Register of Deeds. (Mortgage at Pg ID 114.)

Cooper alleges that in or around June 2009, Countrywide was sanctioned for producing more than one billion dollars in fraudulent mortgages, and Countrywide is now defunct. (Am. Compl. ¶¶ 9–10.)

As Count I, Cooper claims "Lack of Standing" because Defendant does not own the promissory note and cannot show a record chain of title, and therefore "cannot enforce the note/mortgage." (*Id.* ¶¶ 12–13.)

As Count II, Cooper claims "Fraud and Misrepresentation" because "the Defendant did misrepresent facts, or purposely fail to disclose material facts, in the alleged lending or servicing of mortgage loans." (*Id.* ¶ 17.)

4

As Count III, Cooper claims an unspecified "Violation of Michigan Consumer Protection Act." (*Id.* ¶¶ 22–26.)

As Count IV, Cooper claims "Negligent Undertaking" based on "the misconduct alleged herein" and the filing of "false and deceptive records in the deed records of Macomb County Register of Deeds." (*Id.* ¶ 27.)

As Count V, Cooper claims "Negligent Misrepresentation" because "Defendant negligently misrepresented the true beneficial [] owner of notes and related mortgages filed by them in the County for the purpose of avoiding the recordation of subsequent transfers and payment of attendant filing fee." (*Id.* ¶ 28.)

Cooper seeks "a declaration and determination that Plaintiff is the rightful holder of title to the property address 45629 Altz Utica MI 48315 and that Defendant, be declared to have no estate, right, title or interest in said property," "a judgment forever enjoining said defendants, his/her spouse, heirs, devisees, successors, or assignees from claiming any estate, right, title or interest in the subject property address 45629 Altz Utica, MI," and "costs of suit herein incurred and $90,000.00." (*Id.* ¶ 32.)

## III. ANALYSIS

The Court first finds that in a motion to dismiss for failure to state a claim, Countrywide cannot rely on evidence that was not referred to in the Amended Complaint and is not a public record. The Court then addresses each count of the Amended Complaint and finds that Cooper has not stated a claim for relief.

### A. Servicing Transfer Letter

Countrywide attached a "Servicing Transfer Letter" to its motion to establish that it is no longer the servicer of Plaintiff's loan. (Dkt. 3-4; *see* Mot. at 5.) Countrywide argued that

5

"Plaintiff has directly put into issue Countrywide's ability to enforce the Note/Mortgage," and therefore the letter "is central to this claim and speaks directly to Countrywide's interest or lack thereof in the Note/Mortgage, and so should be considered as part of the pleadings." (Mot. at 5 n.3.) Generally, if matters outside the pleadings are presented in support of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). There is an exception for documents if "they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430. Countrywide argues that the Servicing Transfer Letter is central to Plaintiff's claims, but since it is not referred to in the Amended Complaint, it does not qualify for the exception. The Court will not consider the letter in deciding Countrywide's Motion to Dismiss.

### B. Lack of Standing (Count I)

Turning to the allegations of the Amended Complaint, Cooper's first count alleges that Countrywide does not have standing to enforce the Note or Mortgage. (Am. Compl. ¶¶ 12–13.) Countrywide concedes that it has no interest in the servicing or ownership rights of the loan, and therefore has no standing to foreclose the Mortgage. (Mot. at 8.) But, Countrywide says, "it is not attempting to do so," and Cooper's complaint "does not provide any facts nor any records regarding the manner in which Countrywide is attempting to enforce the Note/Mortgage." (*Id.*) The Court agrees that Cooper has not alleged that Countrywide is foreclosing the Mortgage or otherwise attempting to enforce the Note or Mortgage, and therefore he has not stated a claim in this count. *See Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 498 (6th Cir. 2001) (affirming dismissal of claim for denial of due process based on a court's delayed ruling where the plaintiff "does not claim that the [defendant] Township was in any way at fault for the state trial court's delay"); *Benchick v. Loanstar Lending, Inc.*, No. 10-CV-12996, 2012 WL 6150428,

6

at *5 (E.D. Mich. Dec. 11, 2012) (dismissing wrongful foreclosure claim where it was undisputed that the defendant was not the foreclosing entity); *Smith v. MERS*, No. 10-12508, 2011 WL 4469148, at *9 (E.D. Mich. Aug. 4, 2011) ("the undersigned finds no basis to uphold any of plaintiff's vague complaints regarding the uncompleted foreclosure process"), *report and recommendation adopted*, 2011 WL 4479481 (E.D. Mich. Sept. 27, 2011).

### C. Fraud and Misrepresentation (Counts II, IV, V)

Counts II, IV, and V of the Amended Complaint allege fraud or misrepresentation and are therefore subject to a heightened pleading standard. Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Sixth Circuit "interpret[s] Rule 9(b) as requiring plaintiffs to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010).

In Count II, "Fraud and Misrepresentation," Cooper does not identify the content of the alleged misrepresentations.[1] Cooper does not even specify whether the misrepresentations were express or by omission; he alleges only that "the Defendant did misrepresent facts, or purposely fail to disclose material facts." (Am. Compl. ¶ 17.) As for the time and place of the misrepresentation, he is similarly nonspecific, saying only that it was "in the alleged lending or servicing of mortgage loans." (*Id.*) The injury resulting from the fraud is also not identified. Cooper says he was "damaged in an amount of $70,000.00" (*id.* ¶ 21), but he does not indicate

---

[1] The elements of actionable fraud or misrepresentation in Michigan are "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.*, 247 N.W.2d 813, 815 (Mich. 1976).

7

how the alleged misrepresentations damaged him in this amount. Cooper has not met the heightened pleading standard to state a claim for fraud or misrepresentation, so Count II will be dismissed.

Count IV consists of one sentence: "The Defendant negligently undertook the misconduct alleged herein and to file false and deceptive records in the deed records of Macomb County Register of Deeds." (Am. Compl. ¶ 27.) There is no allegation in the Amended Complaint that Countrywide filed any record with the Macomb County Register of Deeds. The copy of Cooper's Mortgage attached to Countrywide's motion indicates that the Mortgage was recorded there on April 12, 2006. (Mortgage at Pg ID 114.) But since Cooper alleges in the Amended Complaint that "Plaintiff secured a mortgage with Countrywide Home Loan Inc. in the amount of $172,000.00 on April 12, 2006," the Court does not see how Cooper could be alleging that Countrywide's recording of the Mortgage was false and deceptive. Cooper has not met the heightened pleading standard to state a claim based on filing false records.

Nor does the statement that "Defendant negligently undertook the misconduct alleged herein" state a claim for negligence more generally. It is not up to the Court to scour the Amended Complaint for the referenced allegations of misconduct. *See Martin*, 391 F.3d at 714 ("Liberal construction does not require a court to conjure allegations on a litigant's behalf."). But even so, the Amended Complaint does not contain any allegations that might support a claim of "negligent undertaking." *See Schanz v. New Hampshire Ins. Co.*, 165 Mich. App. 395, 402, 418 N.W.2d 478, 481 (1988) (quoting Restatement (Second) of Torts § 323 for the elements of a negligent undertaking claim: "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to

exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking."). Cooper has not stated a claim for "Negligent Undertaking," so Count IV will be dismissed.

In Count V, "Negligent Misrepresentation," Cooper alleges that Countrywide "misrepresented the beneficial owner of notes and related mortgages filed by them in the County for the purpose of avoiding the recordation of subsequent transfers and payment of attendant filing fee." (Am. Compl. ¶ 28.)[2] As discussed above, the only recording referenced directly or indirectly by the Amended Complaint is for the Mortgage, but it appears to be in accord with Cooper's allegations that he "secured a mortgage with Countrywide." Cooper has not met the heightened pleading standard to state a claim for "Negligent Misrepresentation," so Count V will be dismissed.

**D. Michigan Consumer Protection Act (Count III)**

Cooper's Michigan Consumer Protection Act allegations in Count III do not specify which provision of the Act Countrywide allegedly violated. Nor is any specific violative conduct identified; Cooper says only that "[t]hrough their acts and omissions the Defendant did violate the Michigan Consumer Protection Act MCL 445.901 et seq." (Am. Compl. ¶ 23.) This is not sufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Count III will therefore be dismissed.

---

[2] "A claim for negligent misrepresentation requires plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Fejedelem v. Kasco*, 711 N.W.2d 436, 437 (Mich. Ct. App. 2006) (internal quotation marks omitted).

9

## IV. CONCLUSION AND ORDER

Cooper has not stated a claim for lack of standing, fraud and misrepresentation, violation of the Michigan Consumer Protection Act, negligent undertaking, or negligent misrepresentation. Countrywide's unopposed Motion to Dismiss (Dkt. 3) is GRANTED. The Court allowed Cooper to amend his complaint after the motion to dismiss for failure to state a claim was filed. (Dkt. 9.) Cooper now having failed to state a claim on his second attempt, and having failed to respond to Countrywide's motion, the Court does not expect that further amendment will be sought. The case will be closed and a separate judgment entered.

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

Dated: April 7, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 7, 2015.

> s/Jane Johnson
> Case Manager to
> Honorable Laurie J. Michelson